GARRISON, Judge.
Judith Triche sued Susan Shore for redhi-bition of Triche’s September 1976 purchase of a 1972 Chevrolet Vega from Shore. The district court denied Triche’s demand, and she appealed.
Shore’s original asking price on the car was $850. She advised Triche at the time of sale that the four-year-old car “used oil.” Triche requested, and Shore agreed, to have the car inspected at a service station of Triche’s choice. According to Triche, the service station owner told her the car was burning oil and would need a ring job in about a year. Triche then made a counteroffer to Shore to purchase the car for $750. Shore accepted and the sale took place.
Shortly after Triche started driving the car, it began malfunctioning. She had it tuned up, but nonetheless it subsequently stalled in the middle of traffic and had to be towed to a repair shop. The mechanic advised her that the car had corroded cylinders, a defective head gasket, and a corroded cylinder head, and would be inoperable unless repaired.
The Civil Code prescribes the following requirements for a redhibition action: There must be a latent defect in the object, existing prior to the sale, not declared by the seller, not discoverable by simple inspection, and rendering the object so useless and imperfect the buyer would not have purchased had he known of the defect. Civil Code Article 2520 et seq.
Triche made her $750 counter-offer to Shore on September 11th, and Shore accepted it on the same day. Delivery of the car and payment of the price, however, were not made until September 16th. (Triche actually paid only $700 for the car. She subsequently issued a stop-payment order on her $50 deposit check because Shore had failed to cash it.) The car began to malfunction on September 17th. Under C.C. Art. 2530, the appearance of the vice within three days following the sale establishes a presumption that the vice existed before the sale. Shore contends that, under C.C. Art. 2456, the sale was perfected on September 11th; therefore, the vice did not appear within three days of the sale and so is not presumed to have existed prior to it. We hold that, regardless of the presumption, the vice appeared closely following the sale and it is obvious from the evidence it existed at the time of the sale.
The trial judge ruled Triche waived her right to sue in redhibition when she had the car inspected by a mechanic. This is an incorrect application of the law. The law requires only that the defect be not discoverable by simple inspection. The expertise of the inspector makes no difference. Triche did not establish exactly what was included in the service station owner’s inspection of the car prior to the purchase. The record, however, establishes that the engine block corrosion and the major engine defects could be discovered only by removal of the cylinder head. The repair shop mechanic, who inspected the car after it broke down, testified this was not the kind of inspection customarily made for a customer contemplating a car purchase. Nor, we conclude, is such an inspection intended by C.C. Art. 2521.
*1257 Once Triche established that the vice existed, that it was not discoverable by simple inspection, and that it existed at the time of the sale, the burden shifted to Shore to prove Triche was not entitled to redhibition.
Plaintiff paid $700 for an automobile which proved to be so useless or imperfect she never would have purchased it, and she is entitled to redhibition. We reverse the judgment of the district court, and render judgment as follows.
We award the following amounts:
$700.00_purchase price
51.51_license and taxes
90.00_cost of useless repairs
$841.51.TOTAL
DECREE
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Judith Triche, and against the defendant, Susan Shore, in the amount of EIGHT HUNDRED FORTY-ONE AND FIFTY-. ONE HUNDREDTHS ($841.51) DOLLARS, with legal interest from date of demand until paid, and for all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff tender, and defendant accept, return of the car.

REVERSED AND RENDERED.

SAMUEL, J., concurs and assigns reasons.